## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KENNEDY, PIER & KNOFF LLP,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:10CV024 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **CARL GREEN** and | ) | |
| **SIGNATURE CAPITAL,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court *sua sponte*.

This action was initially filed by the plaintiff in the County Court of Cedar County, Nebraska. See Filing No. 1. According to the allegations in the complaint, the defendants came to Hartington, Nebraska and sought the services of the plaintiff law firm and entered into an agreement for legal services. *Id.* Ex. A - Complaint ¶¶ 3-6. However, the defendants failed to pay for the legal services since June 17, 2008. *Id.* ¶ 9. The plaintiff alleges the defendants owe principal and interest totaling $5,097.82. *Id.* ¶ 10. The plaintiff has a law office in Hartington, Nebraska, and is a South Dakota corporation. *Id.* ¶ 1; Notice of Removal ¶ V. The defendants are a resident and business, respectively, located in Minnesota. *Id.* Ex. A - Complaint ¶¶ 3-6; Notice of Removal ¶ V.

On January 19, 2010, the defendant Carl Green removed the case to the United States District Court for the District of Nebraska.[1] Mr. Green bases removal on diversity jurisdiction. Mr. Green contends this is an action between citizens of different states, none of the defendants are a citizen of the State in which the action was brought, and the amount in controversy exceeds $75,000. *Id.* Notice of Removal ¶ IV (**citing** 28 U.S.C. §1332 and 28 U.S.C. § 1441(b)).

No party has moved for remand, however "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

---

[1] However, the last line of text in the Notice of Removal states Mr. Green "prays that this action be removed to the United States District Court for the District of Wisconsin." Such statement as to Wisconsin appears to be a typographical error and will not otherwise be addressed herein.

remanded." 28 U.S.C. § 1447(c). The party seeking removal has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); *Keene Corp. v. United States*, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); *James Neff*, 393 F.3d at 834 (the court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'"). Therefore, "jurisdictional facts must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time." *Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 948 (D. Minn. 1999) (**citing** *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996) (**quoting** *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995))). When a defendant satisfies the burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, the plaintiff can still defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount. **See** *Kopp v. Kopp*, 280 F.3d 883, 884-85 (8th Cir. 2002).

In this case, the face of the complaint does state a specific amount of damages. Such showing may be determinative. This is so because even if the defendant may be liable for an amount in excess of $75,000, the plaintiff may avoid federal jurisdiction or thwart attempts at removal by claiming less than the jurisdictional amount in the complaint.

See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("only the sum actually demanded is in controversy"); **see also** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (stating that "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum"). However, "conclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *Jil McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, (N.D. Iowa 1995) (**citing** *Allen*, 63 F.3d at 1335). The defendant fails to show any reason how the court could find an amount in controversy greater than the amount sought in the complaint. Accordingly, the plaintiff's complaint provides the only evidence of the amount in controversy at the time of filing the complaint or at the time of removal.

The defendant may meet his burden "by sufficient proof that a plaintiff's verdict reasonably may exceed that amount. Likewise, this burden can be met if it is 'facially apparent that the claims are likely above [the jurisdictional minimum].'" *Gilmer*, 915 F. Supp. at 1007 (**quoting** *Allen*, 63 F.3d at 1335) (internal citation omitted); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002); **see** *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947) (when determining whether subject matter jurisdiction exists, federal courts may look outside the pleadings to other evidence in the record). Further, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." *James Neff*, 393 F.3d at 834 (**quoting** *Kopp*, 280 F.3d at 885). The Eighth Circuit has stated: "As we see it, the federal court has jurisdiction here unless, as a matter of law, . . . the amount of damages that [the plaintiff] could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." *Kopp*, 280 F.3d at 885 (finding diversity jurisdiction satisfied because award, including punitive damages and damages for emotional distress, could exceed $75,000).

The plaintiff seeks a maximum of $4,188.87 for legal services previously rendered, plus an amount for interest, currently less than $1000.00. The plaintiff's claim as stated

3

in the complaint does not approach the jurisdictional minimum. Further, the nature of the claim does not suggest a fact finder might legally and reasonably conclude the plaintiff's damages exceed the jurisdictional minimum. **See, e.g.,** *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming denial of plaintiff's motion to remand as it was "facially apparent" that her claimed damages exceeded $75,000, i.e., her state court petition alleged that she sustained injuries to her wrist, knee, patella, and back, she alleged damages for medical expenses, pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement). Accordingly, the court finds the amount in controversy appears insufficient to grant this court diversity jurisdiction. Accordingly, Mr. Green shall have an opportunity to show cause why this matter should not be summarily remanded.

**IT IS ORDERED:**

Carl Green shall have to **on or before February 19, 2010**, to show cause why this matter should not be remanded for lack of subject matter jurisdiction.

DATED this 25th day of January, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge