## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

KENNEDY, PIER & KNOFF LLP,     )
                            )
         Plaintiff,       )         **8:10CV024**
                            )
     vs.               )         **FINDINGS AND**
                            )         **RECOMMENDATION**
CARL GREEN, and         )
SIGNATURE CAPITAL,      )
                            )
         Defendants.     )

This matter is before the court on the plaintiff's Motion to Remand (Filing No. 5). The plaintiff filed an index in support of the motion (Filing No. 6). The defendants did not file a brief in response to the motion. On January 19, 2010, defendant Carl Green (Mr. Green) removed this action from the County Court of Cedar County, Nebraska to the United States District Court for the District of Nebraska. **See** Filing No. 1 - Notice of Removal. On January 25, 2010, the court issued an order, *sua sponte*, ordering Mr. Green to show cause why the matter should not be remanded for lack of subject matter jurisdiction. Filing No. 4. The defendant did not file a brief in response to the order. For the reasons set forth below, the court recommends the plaintiff's motion to remand be granted.[1]

---

[1] The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008), *Stefanik v. City of Holyoke*, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517. **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A)). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned

## BACKGROUND

This action was initially filed by the plaintiff in the County Court of Cedar County, Nebraska. **See** Filing No. 1 - ¶ I. According to the allegations in the complaint, the defendants collectively sought the services of the plaintiff law firm and entered into an agreement for legal services in Hartington, Nebraska on April 10, 2008. *Id.* Ex. - Complaint ¶¶ 3-6. Mr. Green signed the agreement for legal services and agreed to pay one of the plaintiff's attorneys $150 per hour, and agreed services of other attorneys within the law firm would billed at their regular rate. *Id.* ¶¶ 5-6. In addition, the defendant agreed to pay interest on any unpaid balance at the rate of 18% annually. *Id.* ¶ 7. The plaintiff has not received any payment from the defendant since June 17, 2008, and the plaintiff alleges the defendant owes principal and interest totaling $5,097.82. *Id.* ¶¶ 9-10.

According to the defendant's Notice of Removal, the plaintiff has a law office in Hartington, Nebraska, and is a South Dakota corporation. Filing No. 1 - Notice of Removal ¶ V. The defendant, Carl Green, is a resident of the State of Minnesota and Signature Capital is a business located in Minnetonka, Minnesota. *Id.* On January 19, 2010, Mr. Green removed the case to the United States District Court for the District of Nebraska.[2] Mr. Green based removal on diversity jurisdiction. Mr. Green contends this is an action between citizens of different states, none of the defendants are a citizen of the State in which the action was brought, and the amount in controversy exceeds $75,000. *Id.* ¶ IV (**citing** 28 U.S.C. §1332 and 28 U.S.C. § 1441(b)). Specifically, the defendant alleges the dispute is over "intentional/negligent and/or fraud in the amount of at least $125,000 in the satisfaction of a judgment." **See Id** at ¶ 5.

The plaintiff's Motion for Remand is based on the following removal defects: First, the defendant failed to timely file for removal under 28 U.S.C. §1446(b); Second, the entire amount due does not meet the jurisdictional threshold. See Filing No. 5. Each of these matters will be discussed in turn.

---

magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

[2] However, the last line of text in the Notice of Removal states Mr. Green "prays that this action be removed to the United States District Court for the District of Wisconsin." Such statement as to Wisconsin appears to be a typographical error and will not otherwise be addressed herein.

## A.  Untimely Removal

28 U.S.C. §1446(b) provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In the instant case, the Summons and Complaint were served on the defendants on November 18, 2009.  **See** Filing No 6 - Index in Support of Motion, Exs.  A and B.  The Notice of Removal was filed in the United States District Court for the District of Nebraska on January, 19, 2010, more than thirty (30) days from service.  Filing No. 1.  As 28 U.S.C. §1446(b) requires that notice of removal be filed within thirty days after the service of summons on the defendant, the defendant's removal was untimely.

## B.  Jurisdictional Amount in Controversy

The United States District Court has original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between:

(1)  citizens of different States;

(2)  citizens of a State and citizens or subjects of a foreign state;

(3)  citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4)  a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

**See** 28 U.S.C. § 1332.

The party seeking removal has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence.  ***James Neff Kramper Family Farm P'ship v. IBP, Inc.***, 393 F.3d 828, 831 (8th Cir. 2005).  Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party.  ***Shamrock Oil & Gas Corp. v. Sheets***, 313 U.S. 100, 107-09 (1941).  A district court is required to resolve doubts concerning federal

3

jurisdiction in favor of remand, strictly construing the removal statute. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); *Keene Corp. v. United States*, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); *James Neff*, 393 F.3d at 834 (the court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'"). Therefore, "jurisdictional facts must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time." *Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 948 (D. Minn. 1999) (**citing** *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996) (**quoting** *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995))). When a defendant satisfies the burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, the plaintiff can still defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount. See *Kopp v. Kopp*, 280 F.3d 883, 884-85 (8th Cir. 2002). A plaintiff might meet that burden by citing a state law or a binding stipulation which limits the plaintiff's recovery of damages, for example.

In this case, the face of the complaint does state a specific amount of damages. Such showing may be determinative. This is so because even if the defendant may be liable for an amount in excess of $75,000, the plaintiff may avoid federal jurisdiction or thwart attempts at removal by claiming less than the jurisdictional amount in the complaint. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("only the sum actually demanded is in controversy"); **see also** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (stating "[i]n general, federal courts give

4

considerable deference to a plaintiff's choice of forum"). However, "conclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *Jil McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, (N.D. Iowa 1995) (**citing** *Allen*, 63 F.3d at 1335).

The defendant may meet his burden "by sufficient proof that a plaintiff's verdict reasonably may exceed that amount. Likewise, this burden can be met if it is 'facially apparent that the claims are likely above [the jurisdictional minimum].'" *Gilmer*, 915 F. Supp. at 1007 (**quoting** *Allen*, 63 F.3d at 1335) (internal citation omitted); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002); **see** *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947) (when determining whether subject matter jurisdiction exists, federal courts may look outside the pleadings to other evidence in the record). Further, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." *James Neff*, 393 F.3d at 834 (**quoting** *Kopp*, 280 F.3d at 885). The Eighth Circuit has stated: "As we see it, the federal court has jurisdiction here unless, as a matter of law, . . . the amount of damages that [the plaintiff] could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." *Kopp*, 280 F.3d at 885 (diversity jurisdiction was satisfied, as award, including punitive damages and damages for emotional distress, could exceed $75,000, based on nature of claim). The defendant fails to show any basis for how the court could find an amount in controversy greater than the amount sought in the complaint. Although the defendant's Notice of Removal states the matter in controversy will be "at least $125,000 in satisfaction of a judgment," no evidence is provided regarding the same, and potential counter-claims do not provide a sufficient basis for removal. **See** Filing No. 1 ¶ 4. Accordingly, the plaintiff's complaint provides the only evidence of the amount in controversy at the time of filing the complaint or at the time of removal.

The plaintiff seeks a total amount due of $5,097.82 for legal services rendered plus interest. The plaintiff's claim, as stated in the complaint, does not approach the jurisdictional minimum. Further, the nature of the claim does not suggest a fact finder might legally and reasonably conclude the plaintiff's damages will exceed the jurisdictional minimum. **See,**

e.g., *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming denial of plaintiff's motion to remand as it was "facially apparent" that her claimed damages exceeded $75,000, i.e., her state court petition alleged that she sustained injuries to her wrist, knee, patella, and back, she alleged damages for medical expenses, pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement). Accordingly, the court finds the amount in controversy appears woefully insufficient to grant this court diversity jurisdiction.

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Motion for Remand to the County Court of Cedar County, Nebraska (Filing No. 5) be granted.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 8th day of March, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.